IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHARLENE H. WILLIAMS )
    Plaintiff, ) 04 12153 NMG
 )
v. )
 )
CAVALRY INVESTMENTS, LLC and )
CAVALRY PORTFOLIO SERVICES, LLC )
    Defendants. )

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff is a natural person residing in Lawrence, Massachusetts, and is a "consumer" as that term is defined in FDCPA § 1692a(3).

4. Defendant Cavalry Investments, LLC (hereafter "Cavalry Investments") is a Delaware limited liability corporation with a place of business at 3033 North 44th Street, Phoenix, Arizona and is engaged, *inter alia*, in the business of collecting debts in Massachusetts. At all relevant times, Defendant Cavalry Investments was regularly engaged in collecting and attempting to collect debts alleged to be due another and was a debt collector as that term is defined in FDCPA § 1692a(6).

5. Defendant Cavalry Portfolio Services, LLC (hereafter "Cavalry Portfolio") is a Delaware limited liability corporation with a places of business at 8 Suburban Park Drive, Billerica, Massachusetts and 7 Skyline Drive, Hawthorne, New York, and is engaged, *inter alia*, in the business of collecting debts in Massachusetts. Defendant Cavalry Portfolio is regularly engaged in collecting and attempting to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

6. On information and belief, Defendants' agents were at all times relevant herein employees or agents of Defendant acting within the scope of their employment or agency.

## FACTUAL ALLEGATIONS

7. In or about September 2003, Defendants began telephoning Plaintiff demanding payment of a debt allegedly owed by a Charlene Hill to Americredit ("the alleged debt").

8. The alleged debt does not belong to Plaintiff and Plaintiff does not owe the alleged debt.

9. When Defendants telephoned Plaintiff, she informed them that she was not Charlene Hill and that the debt did not belong to her.

10. Defendants continued to telephone Plaintiff several times during September 2003 and several times during October 2003 and left numerous messages on her answering machine demanding payment of the alleged debt.

11. In the telephone calls and messages described above, Defendants' agents accused Plaintiff of lying and were harrassing, oppressive and abusive toward Plaintiff.

12. On or about October 6, 2003, Defendants mailed a letter to Plaintiff demanding payment of the alleged debt. This letter was the first written communication by Defendants to Plaintiff. A copy of this letter is attached hereto as **Exhibit 1**.

13. The letterhead and return address of the October 6, 2003 letter bore an address of "4050 E Cotton Ctr Blvd Bldg 2 Ste 20 Phoenix AZ 85040."

14. Defendants' October 6, 2003 letter did not contain the written disclosures described in and required by FDCPA § 1692g(a).

15. During one telephone call, in or about October 2003, Plaintiff told Defendants' agent to contact her lawyer, Attorney Richard J. Boudreau, and gave the agent the telephone number of Mr. Boudreau.

16. During November 2003, Defendants continued telephoning Plaintiff in their attempts to collect the alleged debt.

17. In the telephone calls described above, Defendants' agents continued their harrassing, oppressive and abusive conduct toward the Plaintiff.

18. On December 17, 2003, Mr. Boudreau faxed a letter to Defendant Cavalry Portfolio advising Defendants that Mr. Boudreau represented Plaintiff and requesting Defendant to cease contacts with Plaintiff. A copy of this letter is attached hereto as **Exhibit 2**.

19. On or about December 20 and 24, 2003 and February 20 and March 2, 4 and 6, 2004, Defendants' agents telephoned Plaintiff in an attempt to collect the alleged debt.

## CAUSE OF ACTION

20. Defendants' conduct has violated FDCPA §§ 1692c(a)(2), 1692d, 1692e, 1692f and 1692g.

## PLAINTIFF'S DAMAGES

21. As a result of Defendant's acts and practices described above, the Plaintiff suffered actual damages.

22. Plaintiff is entitled to her actual damages, an award of statutory damages, costs and attorney's fees pursuant to FDCPA § 1692k.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff against Defendant in the amount of her actual damages;

B. Enter judgment for the Plaintiff against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Grant such other and further relief as may be just and proper.

>Charlene H. Williams, Plaintiff
>by her Attorney,
>
>_____
>Yvonne W. Rosmarin  BBO #566428
>Law Office of Yvonne W. Rosmarin
>58 Medford Street
>Arlington, MA 02474
>781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

>_____
>Yvonne W. Rosmarin


4050 E Cotton Ctr Blvd Bldg 2 Ste 20  Phoenix AZ  85040  4050 E Cotton Ctr Blvd Bldg 2 Ste 20  Phoenix AZ  85040  (877) 222-8257
(602) 667-0686  (FAX)

OCTOBER 06, 2003


CHARLENE H HILL
5 SUTCLIFFE CT
LAWRENCE MA  01841

| Re: | Original Institution: | AMERICREDIT |
|---|---|---|
| | Original Account Number: | 401679519 |
| | Cavalry Reference Number: | 01202850 |
| | Balance Due: | $ 10,040.34 |

Dear CHARLENE H HILL:

The following outlines the current terms of the referenced account:

| Total Payoff Balance: | $ 10,040.34 |
|---|---|
| Approved Discount: | $ 0.00 |
| Net Payoff Balance: | **$ 10,040.34** |

As discussed, we offer several types of discounted programs for those customers who are serious about settling their accounts.

If you would like more information or if you have any other questions, please call me directly at (888) 398-1006.

Please be advised this communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Maria Alvarez

Cavalry Portfolio Services, LLC

You have the right to make a written or oral request that telephone calls regarding your debt not be made to your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the collection agency. You may contact us by telephone at (877) 222-8257 between 9:00 am and 6:00 pm MST Monday-Friday or in writing at PO Box 27288 Tempe, AZ  85282.

**EXHIBIT 1**

## MITCHELL & CHENELLE, P.C.
ATTORNEYS AT LAW

77 MAIN STREET
ANDOVER, MASSACHUSETTS 01810

TELEPHONE 978-475-1515
FACSIMILE 978-475-1184

Keith A. Mitchell
*David R. Chenelle

* also admitted in New Hampshire

December 17, 2003

Calvary Portfolio
Attn: Mr. Sully Harrington

VIA FACSIMILE (602) 667-0128

RE:   Charlene Williams

Dear Mr. Harrington:

Pursuant to our conversation, please be advised that this office represents Ms. Williams. The account and social security number that you eluded to is not that of my client. Any further actions to contact her will be dealt with appropriately as that would be violating the FDCPA.

If you have any questions, please feel free to call upon me.

Very truly yours,

Richard J. Boudreau
RJB:ecl

CC: Client

EXHIBIT 2